UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JONIE PRATT, ET AL.                                             CIVIL ACTION

VERSUS                                                          NO: 07-1529

JASON GIROIR, ET AL.                                            SECTION: "A" (3)

## ORDER AND REASONS

Before the Court is **Defendants' Motion to Dismiss (Rec. Doc. 24)** filed by the City of New Orleans, New Orleans Police Department, Police Superintendent Warren Riley, and Officers Ryan Vaught, Jason Giroir, Joseph Haines, and Eddie Compass.  Plaintiffs, Jonie and Desmond Pratt, oppose the motion.  The motion, set for hearing on April 2, 2008, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is **DENIED**.

**I.      BACKGROUND**

The instant matter arises out of incidents which occurred on April 4, 2006.  Plaintiffs' version of the facts is alleged as follows. On the night of April 4, 2006, Jonie Pratt was driving her car to her home, accompanied by her younger sisters.  (Pla. Compl. ¶ 6).  While parking her car in the driveway, Ms. Pratt was approached by Officer Jason Giroir, who had arrived in a New Orleans police car.  (*Id.*)  According to Pratt, Giroir approached her with his gun drawn and demanded that

she get out of her car. (*Id.*) She further alleges that "[w]hen Petitioner asked to know why, defendant pulled her out of her car, cursed her and assaulted her physically by punching her, pulling her hair and spraying her with pepper spray." (*Id.*) Pratt's sisters left the vehicle in an attempt to call for help; Giroir called for assistance as well. (*Id.* at ¶ 7). In response to Giroir's call, defendants Ryan Vaught and Joseph Haines arrived on the scene. (*Id.*) Plaintiffs allege that Vaught and Haines "grabbed Petitioner, threw her to the ground and pepper sprayed, handcuffed her and threw her into a police car with unnecessary force." (*Id.*)

Plaintiffs allege that Ms. Pratt was held "only a matter of hours" on traffic charges, which were ultimately dismissed. (Pla. Mem. in Opp. p. 6). Ms. Pratt was not convicted of any traffic offense in relation to the course of events sued upon. (*Id.*) (Citing Pla. Exh. B, Letter from Deputy Clerk of Traffic Court). Plaintiffs contend that "[a]t some point, Ms. Pratt was charged with assault on Officer Giroir and resisting arrest, not in Criminal Court, but in Municipal Court." (*Id.*)

Plaintiffs filed the instant action on April 3, 2007, asserting that Defendants Giroir, Vaught, Haines, Compass, and Riley violated her civil rights to due process and equal protection. (Pla. Compl. ¶ 3). Plaintiffs seek damages arising out of the allegedly intentional and outrageous acts of law enforcement, including damages for mental, physical and emotional suffering, loss of consortium, and special damages. (*Id.*) In addition, Plaintiffs allege that the New Orleans Police Department and the City of New Orleans are vicariously liable for the tortious acts of their employees while acting under the apparent authority of their positions. (*Id.* at ¶ 4).

In light of newly-discovered information, on March 13, 2008, Defendants moved for leave to file a motion to dismiss Plaintiffs' claims as procedurally barred under *Heck v. Humphrey*, 512

2

U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), based on a determination of Ms. Pratt's guilt to municipal violations of battery against an officer and resisting arrest.

The facts surrounding Ms. Pratt's state court proceeding are disputed. The New Orleans Municipal Court Case Chronology Report reads as follows:

| | |
|---|---|
| 4/04/2006 | Charge of 54-96 - BATTERY filed With Court |
| 4/04/2006 | Charge of 54-441 – RESIST/OBSTRUCT OFFICR [sic] filed With Court |
| . . . | |
| 4/04/2006 | Defendant pled not guilty to all charges. Defendant was advised of counsel. |
| . . . | |
| 3/29/2007 | Event of TRIAL scheduled for 4/17/2007 at 9:00 AM in division A |
| . . . | |
| 4/17/2007 | Event of SENTENCING scheduled for 6/01/2007 at 9:00 AM in division A |
| 5/18/2007 | Event of SENTENCING scheduled for 6/22/2007 at 9:00 AM in division A |
| 6/22/2007 | Defendant pled guilty to 54-96 |
| 6/22/2007 | Defendant sentenced to ONE HUNDRED for 54-96 (ONE HUNDRED SUSPENDED) |
| 6/22/2007 | Defendant pled guilty to 54-441 concurrent with 54-96. |

(Pla. Exh. D; Def Exh. B).

The Court notes that the record conflicts with the testimony of Robert Jenkins, the attorney who represented Ms. Pratt in Municipal Court in this matter. (*See* Pla. Exh. A, Affidavit). According to Plaintiffs, "[o]n March 14, 2007 Ms. Pratt was convicted on municipal charges following a trial in which she was prosecuted by the office charged with defending the City and the NOPD in this federal court for actions arising from the same course of events, and her counsel appealed." (*Id.* at p. 7; *See* Pla. Exh. A). However, Pratt's "appeal has yet to be heard because the record of trial has not been lodged and is by all accounts missing." (*Id.*) (citing Pla. Exh. C, Letter

from the Criminal Court Judicial Administrator). Plaintiffs maintain that "[t]here seems to be no explanation for the notation in the Municipal Court record that Ms. Pratt pled guilty to the assault[1] charge, as that certainly never happened, or the apparent absence in the record of the appeal having been filed." (*Id.* at p. 7-8) (citing Pla. Exh. D, Municipal Court Case Chronology; Pla. Exh. E, Affidavit of Carl Thibodeaux). Furthermore, "[t]here also seems to be no explanation why the trial record for appeal has not been lodged in Criminal Court more than a year after the trial took place. (*Id.* at p. 8) (citing Pla. Exh. A, C).

In light of the foregoing, the Court, over the objections of Plaintiffs' counsel, allowed Defendants to file a dispositive motion based on *Heck v. Humphrey*, despite the deadline provided in the Scheduling Order. (Rec. Doc. 27). Through their motion, Defendants move to dismiss the underlying proceeding based on recently-discovered evidence of a determination of guilt to the municipal violations of battery against Officer Giroir and resisting arrest, both charges incurred as a result of Ms. Pratt's actions on the evening of April 4, 2006. (Def. Mem. in Supp. p. 1) (citing Def. Exh. A, Municipal Citation # 937886). As such, Defendants contend that this matter is procedurally barred. (Def. Motion p. 1).

Plaintiffs oppose the motion, arguing that the present case is distinguishable from *Heck* and its progeny. (Pla. Mem. in Opp. p. 5). Consequently, Plaintiffs submit that they should be permitted to proceed to trial. (*Id.* at p. 9).

---

[1]The Court has reviewed the Municipal Court Record and finds no notation regarding an assault charge. Rather, the Case Chronology Report for Case Number 987518 states that "[Pratt] pled guilty to 54-96," explained in an earlier notation as "BATTERY" and that "[Pratt] pled guilty to 54-441 [defined as 'RESIST/OBSTRUCT OFFICR' (sic)] concurrent with 54-96." (Pla. Exh. D., New Orleans Municipal Court Case Chronology Report).

In reply, Defendants assert that "Plaintiff's philosophical discussion concerning the underpinnings of *Heck* . . . do[es] not change the underlying fact that the plaintiff was found guilty of Simple Battery and Resisting Arrest in Municipal Court." (Def. Repl. Mem. p. 1). Defendants urge that to allow Plaintiffs to proceed in this matter would imply the invalidity of the Municipal Court charges. (*Id.* at p. 2).

## II.   DISCUSSION

### A.   THE PARTIES' CONTENTIONS

#### 1.   Defendants

Defendants cite the Case Chronology Report, which indicates that on June 22, 2007, Pratt pled guilty to the charges against her. (Def. Mem. in Supp. p. 1) (citing Def. Exh. B, Case Chronology Report, Case Number 987518). Defendants note that a search of criminal court records indicates that Ms. Pratt has not appealed the criminal case. (*Id.*) (citing Def. Exh. C, Affidavit of Det. Carl Thibodeaux). According to Defendants, this guilt determination renders Pratt procedurally barred from suit, relying on principles established in *Heck*. (*Id.* at 1, 3).

#### 2.   Plaintiffs

Plaintiffs begin their opposition with a discussion of *Heck* and its progeny, urging that *Heck* is distinguishable "because this suit was not filed as a means to attack a conviction or to escape incarceration and there is no conflict with habeas as Ms. Pratt was not incarcerated at the time that suit was filed." (Pla. Mem. in Opp. p. 5-6). In addition, Plaintiffs contend that their suit would not necessarily imply that Ms. Pratt's convictions were unlawful. Plaintiffs maintain that excessive

5

force was used "after she was handcuffed, subdued, placed on the ground and long past the point in which any resistence was attempted." (*Id.* at p. 5). Citing Ms. Pratt's experience in Municipal Court, the Pratts describe their situation as "legal limbo," urging that "*Heck*'s favorable termination rule should not be used to deny recourse in cases, such as this, in which the plaintiff has attempted but has been unable to achieve a favorable termination in municipal court, not due to the merits of her claim or lack thereof, but due to that convicting court's dereliction of duty or refusal to submit to the appellate court's review." (*Id.* at p. 8-9). In conclusion, Plaintiffs submit that they should be allowed to proceed to trial "because their claim does not 'lie at the heart of habeas,' does not represent a 'collision at the intersection of habeas and section 1983,' and does not 'necessarily imply the invalidity of [her] conviction.'" (*Id.* at p. 9) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005); *Spencer v. Kemna*, 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed. 43 (1998); *Bush v. Strain*, 513 F.3d 492 (2008)).

    **B.**    **STANDARD OF REVIEW**

Motions to dismiss are viewed with disfavor and are rarely granted. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005) (citing *Shipp v. McMahon*, 199 F.3d 256, 260 (5th Cir. 2000)). In deciding a motion to dismiss under Rule 12(b)(6), the district court accepts as true those well-pleaded factual allegations in the complaint. *Id.* (citing *C.C. Port., Ltd. v. Davis-Penn Mortgage Co.*, 61 F.3d 288, 289 (5th Cir. 1995)). "Taking the facts alleged in the complaint as true, if it appears certain that the plaintiff cannot prove any set of facts that would entitle it to the relief it seeks," dismissal is proper. *Id.* (quoting *C.C. Port., Ltd.*, 61 F.3d at 289). It must appear beyond doubt that the plaintiff "can prove no set of facts in support of his claim which would entitle

6

him to relief." *Id.* (quoting *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995)).

### C.    LAW & ANALYSIS

Under *Heck v. Humphrey*, a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if the alleged violation arose from the same facts attendant to the charge for which he was convicted, unless he proves "that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Bush, 513 F.3d at 497 (citing *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006); *Heck*, 512 U.S. at 486-87, 114 S.Ct. 2364).  "Heck requires the district court to consider 'whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Ballard*, 444 F.3d at 396 (quoting *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995)).  This limitation has become known as the "favorable termination rule."  *Id.* (citing *Sappington v. Bartee*, 195 F.3d 234, 235 (5th Cir. 1999)).

The Fifth Circuit further explained that "[a]lthough the *Heck* principle applies to § 1983 excessive force claims, the determination of whether such claims are barred is analytical and fact intensive, requiring [the Court] to focus on whether success on the excessive force claim requires negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with one underlying the criminal conviction." *Bush*, 513 F.2d at 497 (citing *Ballard*, 444 F.3d at 400-01).

Here, the Chronology Report reveals that Ms. Pratt was found guilty of battery and resisting

7

arrest. Pratt's convictions have not been reversed on direct appeal, expunged, or declared invalid. Thus, in order to determine whether *Heck*'s favorable termination rule precludes Pratt's claim that the arresting officers used excessive force, the Court must determine whether a judgment in the Pratts' favor on this claim would necessarily imply the invalidity of Ms. Pratt's convictions.

According to Defendants, Ms. Pratt is precluded from proceeding with her excessive force claim "inasmuch as a finding of liability would necessarily imply the invalidity of her criminal convictions for battery and resisting arrest." (Def. Mem. in Supp. p. 2) (citing *Hudson v. Hughes*, 98 F.3d 868 (5th Cir. 1996); *Penn v. St. Tammany Parish Sheriff's Office*, 843 So.2d 1157 (La. App. 1 Cir. 2003)).

In support, Defendants cite *Hudson v. Hughes*, where, in analyzing whether *Heck* precludes a plaintiff's § 1983 claim based on excessive force during an arrest when the plaintiff was convicted of battery to an officer, the Fifth Circuit explained:

> In Louisiana, self-defense is a justification defense to the crime of battery of an officer. To make out a justification defense, the criminal defendant charged with battery of an officer must show that his use of force against an officer was both reasonable and necessary to prevent a forcible offense against himself. Because self-defense is a justification defense to the crime of battery of an officer, [the plaintiff's] claim that [the officers] used excessive force while apprehending him, if proved, necessarily would imply the invalidity of his arrest and conviction for battery of an officer. This is true because the question whether the police applied reasonable force in arresting him depends in part on the degree of his resistance, which in turn will place in issue whether his resistance (the basis of his conviction for assaulting a police officer) was justified, which, if it were, necessarily undermines that conviction.

*Hudson*, 98 F.3d at 873 (citing La. Rev. Stat. 14:19; *Louisiana v. Blancaneaux*, 535 So.2d 1341 (La. App. 1988)). Stated differently, if the officers' use of force during an arrest was excessive, Pratt

8

could not have committed a battery because she would have been entitled to defend herself. *Howard v. Del Castillo*, No. 00-3466, 2001 WL 1090797, *4 (E.D. La. Sept. 17, 2001) (Clement, J.) (citing *Hudson*, 98 F.3d at 873)).

However, a claim of excessive force *after* Pratt's arrest does not necessarily imply the invalidity of her battery conviction because the excessive force may have occurred after the battery was over. *See id.* (citing *Smithart v. Towery*, 79 F.3d 951, 952-53 (9th Cir. 1996)).

According to the Fifth Circuit, "a § 1983 claim would not necessarily imply the invalidity of a resisting arrest conviction, and therefore would not be barred by *Heck*, if the factual basis for the conviction is temporally and conceptually distinct from the excessive force claim. Accordingly, a claim that excessive force occurred after the arrestee has ceased his or her resistance would not necessarily imply the invalidity of a conviction for the earlier resistance." *Bush*, 513 F.3d at 498.

Consequently, the Court must determine whether the factual basis for Pratt's convictions is "temporally and conceptually distinct" from her excessive force claim. The parties did not brief the Court as to the elements of battery and resisting arrest in Louisiana and, therefore, did not address the issue of whether success on the Pratts' § 1983 claim would, as a matter of law, undermine the validity of her battery and resisting arrests convictions. Rather, Plaintiffs argue the temporal aspect, urging that the factual basis is distinct. According to Plaintiffs, "[Ms. Pratt] was gratuitously pepper-sprayed and beaten *after* she was handcuffed, subdued, placed on the ground and long past the point in which any resistance was attempted." (Pla. Mem. in Opp. p. 5)(emphasis added).

Defendants challenge this assertion, arguing that "there is no temporal or conceptually distinct use of force alleged in [the] complaint." (Def. Repl. Mem. p. 3). Defendants direct the Court to

Paragraph 7 of the Complaint, in which Plaintiffs allege:

> Upon their arrival defendants Vaught and Haines grabbed Petitioner, threw her to the ground and pepper sprayed, handcuffed her and threw her into a police car with unnecessary force . . ."

(*Id.*) (citing Compl. ¶ 7). Citing Plaintiffs' allegations in the Complaint, Defendants contend that "at best plaintiff may be saying that she was thrown into the police car after being handcuffed." (Def. Repl. Mem. p. 3).

Fifth Circuit precedent is clear that whether the plaintiff alleges excessive force *during* or *simultaneous with* an arrest versus *after* an arrest results in distinct consequences under *Heck*. For instance, in *Bush v. Strain*, the plaintiff sought damages for injuries she sustained after she was arrested for simple battery and resisting arrest following a disturbance at a carwash. *Bush*, 513 F.3d at 495. The Court noted that there was conflicting evidence regarding whether the plaintiff was injured before or after her resistence ceased. Ultimately, the Court found that the plaintiff had adequately pleaded a claim for excessive force occurring after she was arrested. *Id.* at 499.

On the other hand, in *DeLeon v. City of Corpus Christi*, the Court declined to consider the plaintiff's argument that his excessive force claims were separable from his aggravated assault conviction. *Id.* at 499 n. 17 (citing *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 656-57 (5th Cir. 2007)). The Court found that his complaint did not allege that his claims of excessive force were separable from his aggravated assault on the officer. *DeLeon*, 488 F.3d at 656. Rather, the complaint presented the excessive force claim as a single violent encounter throughout which the plaintiff was wholly innocent. *Id.* at 656-57.

In reading Plaintiffs' allegations in the Complaint, the Court cannot ascertain the precise time

10

line of events in order to determine whether the Pratts' excessive force claim is "temporally and conceptually distinct" from her battery and resisting arrest convictions.  As such, at this juncture, the Court cannot determine whether force was used only while officers were subduing Ms. Pratt or whether excessive force was used after she had already been subdued.  Since the Court cannot rule out the possibility that excessive force was used after Pratt's battery on the officers had been completed and when she was no longer resisting them, Defendants' motion to dismiss is denied.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that **Defendants' Motion to Dismiss (Rec. Doc. 24)** filed by the City of New Orleans, New Orleans Police Department, Police Superintendent Warren Riley, and Officers Ryan Vaught, Jason Giroir, Joseph Haines, and Eddie Compass is **DENIED.**

April 8, 2008

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE